# MAGISTRATE'S CRIMINAL MINUTES - COMPLAINT

FILED IN OPEN COURT

DATE: 12/27/2021 @ 1:36

TAPE: FTR

TIME IN COURT: 45 minutes

EXHIBITS _____

MAGISTRATE JUDGE    CHRISTOPHER C. BLY

CASE NUMBER:    1:21-mj-1215-JSA

AUSA:    Paul Jones

USPO / PTR: _____

___✓ Arrest Date    12/27/21

___✓ Initial appearance hearing held.

_____ Interpreter sworn: _____

COURTROOM DEPUTY CLERK:  James Jarvis

DEFENDANT'S NAME: Patricia Yannet Cornwall

DEFENDANT'S ATTY:  Millie Dunn

( ) Retained    ( ) CJA    (✓FDP    ( ) Waived

## COUNSEL

___✓ ORDER appointing Federal Defender as counsel for defendant.    ___ INITIAL APPEARANCE ONLY.

_____ ORDER appointing _____ as counsel for defendant.

_____ ORDER: defendant to pay attorney's fees as follows:

_____ ORDER giving defendant _____ to employ counsel.    ( ) Verbal    ( ) Order to follow

## PRELIMINARY HEARING

_____ Preliminary hearing set/reset/cont to _____ @ _____

___✓ Defendant WAIVES *orally* preliminary hearing.    _____ WAIVER FILED

_____ Preliminary hearing HELD.    _____ Probable cause found; defendant held to District Court

_____ Miscellaneous:

## BOND/PRETRIAL DETENTION HEARING

_____ Government motion for detention filed.  Pretrial hearing set for _____ @ _____

_____ Temporary Commitment issued. Remanded to USM.

___✓ Bond/Pretrial detention hearing held.

_____ Government motion for detention  ( ) Granted    ( ) Denied    ( ) Waived    ( ) Withdrawn

_____ Pretrial detention ordered.    _____ Written order to follow.

___✓ BOND set at    $ 20,000    ___✓ NON-SURETY    _____ SURETY

_____ cash    _____ property    _____ corporate surety ONLY

___✓ SPECIAL CONDITIONS: no travel on common carrier, except to get home to Los Angeles

___✓ Bond filed. Defendant released.

_____ Bond not executed. Defendant to remain in Marshal's custody.

_____ Motion    ( )    verbal    to reduce/revoke bond filed.

_____ Motion to reduce/revoke bond    _____ GRANTED    _____ DENIED

## Order

Pursuant to the Due Process Protections Act, *see* Fed. R. Crim. P. 5(f), the government is directed to adhere to the disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and to provide all materials and information that are arguably favorable to the defendant in compliance with its obligations under *Brady*; *Giglio v. United States*, 405 U.S. 150 (1972); and their progeny. Exculpatory material as defined in *Brady* and *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), shall be provided sufficiently in advance of trial to allow a defendant to use it effectively, and exculpatory information is not limited to information that would constitute admissible evidence.

The failure of the government to comply with its *Brady* obligations in a timely manner may result in serious consequences, including, but not limited to, the suppression or exclusion of evidence, the dismissal of some or all counts, adverse jury instructions, contempt proceedings, or other remedies that are just under the circumstances.

WITNESSES:

_____

_____

_____

_____

_____

_____

_____

_____

_____

EXHIBITS:

_____

_____

_____

_____

_____

_____

_____

_____

_____